IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANDREW JOHN GIBSON, §
   Petitioner, §
 §
V. § Civil Action No. 4:19-CV-381-O
 §
ERIC WILSON, Warden,[1] §
FMC-Fort Worth, §
   Respondent. §

## OPINION AND ORDER

  Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Andrew John Gibson, a federal prisoner who was confined in the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth), at the time the petition was filed, against Eric Wilson, warden of FMC-Fort Worth, Respondent. After considering the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

  According to the Bureau of Prisons's website, Petitioner is now confined at FCI-Big Spring in Big Spring, Texas. He is serving a 168-month term of imprisonment pursuant to his 2017 federal conviction in the District of Nevada for receipt of child pornography. J., United States v. Gibson, Criminal Action No. 2:14-cr-00287-KJD-CWH-1, ECF No. 251.

## II. ISSUES

  By way of this habeas petition, Petitioner complains that, in violation of his rights under the Eighth Amendment, his psychiatrist at FMC-Fort Worth has shown deliberate indifference to his

---

[1]Petitioner designates "Warden Willson" as Respondent, however the warden of FMC-Fort Worth is Eric Wilson. The clerk of Court is therefore directed to designate "Eric Wilson, Warden, FMC-Fort Worth" as the party respondent.

serious medical needs by denying him the "proper and known working treatment of Welbutrin [sic] for depression when this has been the used treatment for the last 7 years" and refusing to listen to him. Pet. 7-8, ECF No. 1. According to Petitioner, Wellbutrin prevents suicidal ideation. *Id.* at 8. He requests the Court order Wellbutrin "as shown in [his] medical record prior to Fort Worth and $500,000 in mental anguish." *Id.* at 9.

**III. DISCUSSION**

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] Therefore, no service has issued upon Respondent.

Courts have long recognized that habeas-corpus actions are the proper vehicle to challenge a prisoner's fact or duration of confinement. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Conversely, attacks by a federal prisoner regarding conditions or mistreatment during confinement are properly brought in civil-rights actions under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971)); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994); *Schipke v. Van Buren,* 239 Fed. App'x 85, 85-86, 2007 WL 2491065, at *1 (5th Cir. 2007). Taken at face value, Petitioner's petition relating to his mental-health treatment at FMC-Fort Worth is not cognizable on habeas review. 42 U.S.C. § 1983; *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

**III. CONCLUSION**

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of subject matter jurisdiction. A certificate of appealability is DENIED. The clerk of Court shall mail a copy of this Order and the Court's Final Judgment to Petitioner at his address of record and at FCI-Big Spring, Federal Correctional Institution, 1900 Simler Avenue, Big Spring, TX 79720.

**SO ORDERED** on this 8th day of May, 2019.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**